IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SYNOVUS BANK,

        **Plaintiff,**

v.

JAMES F. HEIDENREICH,
STEPHEN N. ROBERTS,
STEPHEN C. DAWS, and
CRYSTAL LAKE ESTATES, LLC,

        **Defendants.**

1:13-cv-1263-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Synovus Bank ("Synovus")'s Motion for Entry of Default, Default Judgment, and Hearing on Damages [11].

## I. BACKGROUND

On April 17, 2013, Synovus filed this diversity jurisdiction action to collect on the debt of Crystal Lake Estates, LLC ("Crystal Lake"). The debt is evidenced by a promissory note (the "Note") executed to Tallahassee State Bank, predecessor to Synovus,[1] and secured by guarantees signed by Defendants James

---

[1] For purposes of this Order, Tallahassee State Bank and Synovus will collectively be referred to as Synovus.

F. Heidenreich, Stephen N. Roberts and Stephen C. Daws (collectively, the "Defendants"). The underlying debt is related to real estate development in Henry County, Georgia. Synovus is a Georgia bank and Defendants are each citizens of Florida.[2] Plaintiff also asserts a claim for attorneys' fees. The Note and the guarantees specifically provide for attorneys' fees and costs in the event that a collection action is required upon default under the Note.

Synovus alleges that on March 10, 2006, Crystal Lake borrowed $2,896,800.00 from Synovus to purchase and develop 300 acres of Georgia farm land. The loan maturity date was set as March 10, 2008, but this date was extended several times. On February 10, 2009, to induce further extensions of the maturity date, Defendants guaranteed the loan to Crystal Lake. In the guarantees, Heidenreich, Roberts, and Daws each "absolutely and unconditionally" guaranteed

---

[2] Synovus asserts that the Court has personal jurisdiction over the Defendants under the Georgia long-arm statute, O.C.G.A. § 9-10-91. The Court has reviewed the Amended Complaint and is satisfied that the allegations support that Defendants Crystal Lake and Heidenreich transact business in Georgia, and may also own, use or possess real property in this state. O.C.G.A. § 9-10-91(1), (4). The Court accepts Synovus's good-faith allegation that Defendants Roberts and Daws also are subject to the Georgia long-arm statutes. To the extent any of the Defendants' contacts with Georgia are insufficient for the Court to exercise personal jurisdiction over them, Defendants may challenge a default judgment on jurisdictional grounds in a collateral proceeding. Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982); Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852, 854 (11th Cir. 2010).

"the full payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of the debts, liabilities and obligations" of Crystal Lake. Plaintiff alleges that Crystal Lake defaulted on the loan, and that Defendants refused to make any payments as required by their guarantee agreements. Synovus alleges further that, as of March 12, 2013, the principal and interest due to be paid by Defendants totaled $2,245,665.64, with interest accruing at a rate of $233.25 per day.[3]

On April 29, 2013, Plaintiff served the Complaint on Defendants Roberts and Daws, and, on May 4, 2013, Plaintiff served it on Defendant Heidenreich. On May 20, 2013, Plaintiff filed an Amended Complaint, naming Crystal Lake as a defendant. On May 29, 2013, Plaintiff served Crystal Lake with the Amended Complaint.

None of the Defendants filed an answer or otherwise responded to Plaintiff's Complaint or Amended Complaint, and Plaintiff moves, pursuant to Rules 55(a) and (b) of the Federal Rules of Civil Procedure, respectively, for entry of default

---

[3] The Note provides for a variable interest rate beginning at 8.5% but subject to daily change based on the lenders' prime rate for its customers plus 1%, not to exceed 18%. The Complaint alleges interest owed under the Note at a per diem rate of $233.25 and, because Defendants have not answered the Amended Complaint, this interest rate allegation is accepted as true. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

and default judgment.

## II. DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead of otherwise defend." Fed. R. Civ. P. 55(a). Defendants here all failed to answer or otherwise respond and it is appropriate to enter a default against them.

Rule 55(b) of the Federal Rules of Civil Procedure governs the entry of default judgments:

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2685 (1983)). When considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988). A defaulted defendant generally is deemed to have admitted the plaintiff's well-pleaded allegations of fact. Cotton, 402 F.3d at 1278.

The Court, having considered the Motion for Entry of Default Judgment and the facts alleged in Synovus's Amended Complaint, determines there is a sufficient factual and legal basis to enter default judgment against the Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Plaintiff submitted with its Complaint a copy of the Note in which Crystal Lake promised to pay $2,896,800.00. The note was executed by James Heidenreich, as Managing Member of Crystal Lake. Plaintiff also submitted copies of the guarantees executed by each of the Defendants on February 10, 2009. In light of these submissions, the Court determines that the Complaint states a plausible claim for relief. Plaintiff has alleged the principal amount of the Note and a per diem

interest rate of $233.25. These allegations, deemed uncontested, allow the Court, without further evidence, to determine the amount owed under the Note as of the date of this Order. See Cotton, 402 F.3d at 906. As a result, a hearing to determine damages is unnecessary.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Synovus Bank's Motion for Entry of Default, Default Judgment, and Hearing on Damages [11] is **GRANTED IN PART**. The Clerk is **DIRECTED** to enter a default against Defendants James F. Heidenreich, Stephen N. Roberts, Stephen C. Daws, and Crystal Lake Estates, LLC.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Synovus Bank and against Defendants James F. Heidenreich, Stephen N. Roberts, Stephen C. Daws, and Crystal Lake Estates, LLC, jointly and severally, in the amount of $2,245,665.64, plus interest at the per diem rate of $233.25 for each day from March 12, 2013, through and including the date of this Order, for a total amount of principal and interest owed as of the date of this Order in the amount of $2,300,246.14.

**IT IS FURTHER ORDERED** that post-judgment interest shall accrue at

the rate of 0.11%, as provided for under 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Plaintiff shall submit, on or before November 29, 2013, its application for reasonable attorneys' fees, which shall include its detailed time records showing, by individual time entry and timekeeper, the legal services performed. Plaintiff also shall identify the hourly rate of each such timekeeper and any expenses incurred.

**SO ORDERED** this 1st day of November 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE