IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SYNOVUS BANK,

        Plaintiff,

  v.

JAMES F. HEIDENREICH,
STEPHEN N. ROBERTS,
STEPHEN C. DAWS, and
CRYSTAL LAKE ESTATES, LLC,

        Defendants.

1:13-cv-1263-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees ("Application") [16].

**I.   BACKGROUND**

On November 1, 2013, the Court entered its order entering default judgment based on Defendants James F. Heidenreich's, Stephen N. Robert's, Stephen C. Daws's and Crystal Lake Estates, LLC's default under a promissory note executed to Tallahassee State Bank, predecessor to Plaintiff Synovus Bank.  The facts of the default are set forth in more detail in the Court's Opinion and Order dated November 1, 2013 (the "November 2013 Order") granting Plaintiff's Motion for

Default Judgment [11].  The November 2013 Order is incorporated in this Order by reference.

The Court, in the November 2013 Order, stated that Plaintiff was entitled to an award of attorney's fees and expenses because the Note expressly provided for the payment of attorney's fees and expenses in the event of Defendants' default under the Note.  [11 at 2].  The Court directed Plaintiff to "submit, on or before November 29, 2013, its application for reasonable attorneys' fees, which shall include its detailed time records showing, by individual time entry and timekeeper, the legal services performed [and] the hourly rate of each such timekeeper and any expenses incurred."  [11 at 7].

On November 26, 2013, Plaintiff timely filed the Application and it conformed to the information requirements of the November 2013 Order.  The application is supported by the Affidavit of Thomas F. Cristina ("Cristina Aff.") [16.1].

## II.   DISCUSSION

The Court previously found that the Note provided for, and that Plaintiff is entitled to, an award of attorney's fees and expenses incurred as a result of Defendants' default under the Note.  It is "perfectly proper to award attorney's fees based solely on affidavits in the records."  Norman v. Housing Auth. of City of

Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses."  Id. (citations omitted).

    The Court has reviewed the Cristina Affidavit and the detailed billing records attached to it.  As a result of its review, the Court determines that the request for attorney's fees, expenses and costs in this case is based on legal services necessary to be performed to represent Plaintiff in this case and is based on hourly timekeeper rates that are consistent with the hourly rates charged by attorneys in this market for legal services of the type rendered here.  (Cristina Aff. ¶¶ 4-8 & Ex. A).  The Court specifically determines that attorney's fees in the amount of $14,361.50 are fair and reasonable attorney's fees and that costs in the amount of $685.00 were actually incurred.  These amounts are awarded in this case.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants shall pay to Plaintiff attorney's fees in the amount of $14,361.50 and costs in the amount of $685.00, for a total award of attorney's fees and costs of $15,046.50.

**SO ORDERED** this 31st day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE